Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street
Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Marlene McCaslin

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marlene McCaslin,<br><br>       Plaintiff,<br><br>       v.<br><br>Trans Union LLC, a Delaware corporation; and Ocwen Loan Servicing, LLC, a Delaware corporation;<br><br>       Defendants. | Case No.<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act<br>15 USC § 1681 *et seq*)<br><br>DEMAND FOR JURY TRIAL |

**Introduction**

1. This is an action for damages brought by Marlene McCaslin against Trans Union LLC ("Trans Union") and Ocwen Loan Servicing, LLC ("Ocwen") for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA) and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a).

**The Parties**

2. Plaintiff Marlene McCaslin is an individual consumer who resides in San Jose, California.

3. Defendant Trans Union LLC Information Services LLC is a limited liability company organized under the laws of Delaware and is a consumer reporting agency.

4. Ocwen Loan Servicing is a Delaware corporation and a leading mortgage loan servicing company.

## Jurisdiction & Venue

5. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p. The court has supplemental jurisdiction over the state law claims.

6. Trans Union and Ocwen regularly conduct business in this district and the events described in this complaint arose in this district.

## Description of the Case

7. In or about December 2011, Ocwen acquired the servicing rights to billions worth of GMAC Mortgage loans. At about the same time, Ocwen added about 2,000 former GMAC Mortgage employees to its staff along with the GMAC legacy software used to service the loans known as Fiserv. Ocwen also took over GMAC's obligations to accurately report consumer credit information to the credit reporting agencies.

8. Plaintiff owns one property, the home in which lives in San Jose, California.

9. Plaintiff obtained a mortgage loan from GMAC Mortgage on her house in the amount of $512,000 in August 2005.

10. In December 2011, GMAC Mortgage transferred the servicing rights to the loan to Ocwen. Ocwen continues to service the loan.

11. Ocwen has been accurately reporting on the mortgage loan account to Trans Union, Experian and Equifax as an account it is servicing.

12. The problem is that for each month from December 2011 through December 2013, Ocwen has been and is reporting to the credit reporting agencies that plaintiff still owes a balance of

$402,000 to GMAC Mortgage. Ocwen's reports fail to note that GMAC Mortgage loan is closed and that the loan was transferred to Ocwen.

13. The likely source of the error is that Ocwen failed to update the account in the legacy GMAC software it maintains on GMAC mortgage loans while also reporting the account on its more up to date software system known as the REALServicing system.

14. After plaintiff became aware of Ocwen's inaccurate reporting, plaintiff sent dispute letters to Trans Union in the period September, October and November 2013 pointing out that the GMAC Loan had been transferred, that it was no longer an open account and the balance should be zero.

15. Upon receipt of the disputes, Trans Union was required to conduct a reasonable investigation of the dispute. Trans Union sent automatic consumer dispute verification requests (ACDVs) to defendant Ocwen asking for a response to plaintiff's request to correct her credit reports.

16. Upon receipt of the ACDVs, Ocwen was required to conduct a reasonable investigation concerning the disputes.

17. Both Trans Union and Ocwen failed to conduct reasonable investigations into the disputes. Instead, on 9/17/2013, 11/5/2013, and 12/10/2013, Trans Union sent plaintiff the results of its investigation which were to merely verify the inaccurate information. Both defendants failed and refused to conduct reasonable investigations as required by law.

18. Experian and Equifax corrected its reports on plaintiff upon receipt of her first dispute.

19. As a legal result of defendants' willful and negligent refusal to conduct reasonable investigations concerning the matters disputed by plaintiff, plaintiff has suffered loss and damage including but not limited to financial loss, mental anguish, humiliation, embarrassment and emotional distress entitling her to an award of actual damages in an amount to be determined by the trier of fact at trial plus statutory and punitive damages, and attorney's fees together with costs pursuant to 15 USC §§ 1681n and 1681o.

**First Claim: Failure to Conduct a Reasonable Investigation—Against Trans Union LLC**

20. Plaintiff incorporates by reference ¶¶ 1-19.

21. The Fair Credit Reporting Act, 15 U.S.C. § 1681i provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer, credit reporting agency "shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…."

22. The effect of defendants' inaccurate credit reporting that creditors is that they will believe plaintiff owes $920,000 on mortgages while in fact she only owes $465,000 (counting her mortgage loan in 2d place).

23. Plaintiff has been unable to refinance her home loans due to defendants' inaccurate reporting.

24. As a result of defendants' conduct, plaintiff has also suffered actual damages in the form of emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

**Second Claim: Violation of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against Defendant Ocwen**

25. Plaintiff incorporates by reference ¶¶ 1-24.

26. The FCRA requires a furnisher such as Ocwen, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

27. Within the last two years, defendant Ocwen provided inaccurate and misleading

*McCaslin v Trans Union LLC, et al.*
Complaint and Jury Demand                                                                                                4

information to the three defendant credit bureaus.

28. Within the past two years, plaintiff notified the three nationwide credit bureaus that the reports concerning the GMAC account were inaccurate. Thereafter, credit bureaus notified Ocwen that plaintiff was disputing the information it had furnished to the credit reporting agencies.

29. Ocwen violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiff disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiff's accounts;

(c) willfully and negligently failing to report the results of investigations to the three credit reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to the three credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the three credit bureaus concerning the inaccurate information disputed by plaintiff;

(f) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiff's accounts to the credit reporting agencies;

(g) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

30. As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Third Claim: Violation of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Defendant Ocwen**

31.  Plaintiff incorporates by reference ¶¶ 1-30.

32.  California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

33.  Defendant Ocwen negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

34.  Defendant Ocwen failed to make corrections to the information it was furnishing to the credit reporting agencies.

35.  Defendant Ocwen failed to provide a notice to the credit reporting agencies that the information it was providing was disputed.

36.  Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

**PRAYER**

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;

2. Costs and attorney's fees; and

3. Such other relief as the Court may deem proper.

Dated: October 27, 2014.
ANDERSON, OGILVIE & BREWER LLP

By  /s/ *Mark F. Anderson*
    Mark F. Anderson
    Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: October 27, 2014.

ANDERSON, OGILVIE & BREWER LLP


By */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff