ERIC D. HOUSER (SBN 130079)
JEANNETTE R. MARSALA (SBN 253125)
HOUSER & ALLISON, APC
3780 Kilroy Airport Way, Suite 130
Long Beach, CA  90806
Tel.   (562) 256-1675
Fax:   (562) 256-1685
jmarsala@houser-law.com


Attorneys for Defendant
Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE DIVISION)

| | |
|---|---|
| MARLENE MCCASLIN;<br><br>           Plaintiff.<br>  v.<br><br>TRANSUNION LLC,  a Delaware corporation, OCWEN LOAN SERVICING, LLC, a Delaware corporation;<br><br>           Defendants. | Case No.: 5:14-cv-04768-NC<br><br>Assigned to: Magistrate Judge Nathanael Cousins<br><br>**MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Date:  January 21, 2015<br>Time: 1:00 p.m.<br>Courtroom: 7<br>Robert F. Peckham Federal Building<br>280 South 1st Street<br>San Jose, CA 95113<br><br><br>Complaint Filed On: October 27, 2014<br>Trial Date: None |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that on January 21, 2015 at 1:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 7 of the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Defendant Ocwen Loan Servicing, LLC ("Ocwen") will and hereby do move to dismiss the Complaint filed by Plaintiff Marlene McCaslin ("Plaintiff").

This motion is based upon Federal Rule of Civil Procedure 12(b)(6) on the grounds that the claims contained in Plaintiff's Complaint fail to state a claim upon which relief can be granted. This Motion is based upon this Notice of Motion, the Memorandum of Points and Authorities and upon all pleadings, papers and documents on file herein, as well as any oral argument that may be presented at the time of the hearing or any matters of which judicial notice is taken.

Dated: December 15, 2014      **HOUSER & ALLISON**
A Professional Corporation

/s/ Jeannette R. Marsala
Jeannette R. Marsala
Attorneys for Defendant
Ocwen Loan Servicing, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff cannot state a cause of action against Ocwen. Plaintiff admits that Ocwen has been accurately reporting on the mortgage loan. The Complaint alleges that a former loan servicer, GMAC Mortgage, has been reporting inaccurate information regarding her loan status. However, Plaintiff cannot state a claim against Ocwen for actions taken by GMAC because Ocwen is not liable for the actions taken by GMAC Mortgage. Thus, no claim for relief can be stated against Ocwen, and the Complaint against Ocwen should be dismissed.

## II. STATEMENT OF FACTS

Plaintiff executed a promissory note in the original principal balance of $512,000 from GMAC Mortgage secured by real property in San Jose, California. Complaint, ¶8, 9.

Ocwen purchased certain assets and mortgage servicing rights to mortgage loans from Residential Capital, LLC and its subsidiaries GMAC Mortgage, LLC and Residential Funding Company, LLC. *See* Request for Judicial Notice ("RJN"), Ex. A; Complaint, ¶10.

On November 21, 2012, an "Order Under 11 U.S.C. §§ 105, 363, And 365 And Fed Bankr. P. 2002, 6004, 6006, And 9014 (I) Approving (A) Sale Of Debtors' Assets Pursuant To Asset Purchase Agreement With Ocwen Loan Servicing, LLC; (B) Sale Of Purchased Assets Free And Clear Of Liens, Claims, Encumbrances, And Other Interests; (C) Assumption And Assignment Of Certain Executory Contracts And Unexpired Leases Thereto; (D) Related Agreements; And (II) Granting Related Relief" ("Sale Order") was entered in the Residential Capital, LLC bankruptcy case. RJN, Ex. A. Pursuant to the Sale Order, Ocwen did not assume the liabilities of Residential Capital, LLC or GMAC. *See* RJN, Exhibit A, p. 27, ¶23.

///

Plaintiff admitted that Ocwen has been accurately reporting on the mortgage loan for the Subject Property. Complaint, ¶11.

### III. ARGUMENT

#### A. Standard on Motion to Dismiss

Motions to dismiss pursuant to FRCP 12(b)(6) test the legal sufficiency of the Complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Mere "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" will not suffice to overcome a motion to dismiss. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted); *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft*, 129 S.Ct. at 1950 (internal citations omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows for the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In addition, dismissal under Rule 12(b)(6) may be based on the "lack of cognizable legal theory," or when plaintiffs seek remedies they are not entitled to as a matter of law. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988); *see, e.g., King v. California*, 784 F.2d 910 (9th Cir. 1986), *cert. denied,* 484 U.S. 802 (1987).

Where deficiencies of a complaint cannot be cured by amendment, dismissal without leave to amend is proper. Fed. R. Civ. P. 15(a); *Foman v. Davis,* 371 U.S. 178, 182 (1962); *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).

///

///

### B. The Complaint Makes Contradictory Allegations That Cannot Be Reconciled.

The Complaint alleges, "Ocwen has been accurately reporting on the mortgage loan account to Trans Union, Experian and Equifax as an account it is servicing." Complaint, ¶11. Then the Complaint alleges that Ocwen provided inaccurate and misleading information to the three defendant credit bureaus. Complaint, ¶27. These are allegations that directly contradictory and cannot be reconciled. Thus, the Complaint fails to state a claim for relief and should be dismissed.

Further, the Complaint does not allege that Plaintiff disputed the alleged inaccurate credit reporting with Ocwen or otherwise informed Ocwen of the basis for the dispute. The Complaint does not allege that consumer dispute reported to a credit bureau for reporting by GMAC Mortgage would be not be sent to GMAC Mortgage, but sent to Ocwen instead. The Complaint does not allege that Plaintiff ever contacted Ocwen directly regarding the alleged credit reporting dispute with the former loan servicer or that Ocwen had any knowledge of what GMAC Mortgage was reporting to the credit bureaus. More importantly, the Complaint does not allege that Ocwen is responsible for the actions taken by the former loan servicer.

Therefore, the Complaint fails to state a claim for relief against Ocwen.

### C. Ocwen Did Not Assume The Liabilities And GMAC And No Cause Of Action Can Be Asserted Based Upon An Assumption Of Liabilities.

The Complaint is seems to be premised upon the theory that Ocwen assumed the liabilities of GMAC, which is clearly contradicted by the Sale Order. The Sale Order specifically states that Ocwen does not assume the liabilities of GMAC. *See* RJN, Exhibit A, p. 27, ¶23. The court may take notice not only of the fact of the existence of a legally operative document and its recording or publication, but also facts that clearly derive from its legal effect. *Scott v. JPMorgan Chase Bank, N.A.*,

MOTION TO DISMISS COMPLAINT
5

214 Cal.App.4th 743, 754 (2013)("legal effect of Federal Deposit Insurance Corporation (FDIC) agreement to transfer insolvent bank's assets but not its liabilities was subject to judicial notice").

GMAC Mortgage is a separate and distinct entity from Ocwen. Ocwen cannot be responsible for actions taken by GMAC Mortgage absent some legal theory which imputes liability from GMAC Mortgage to Ocwen. The Complaint is completely devoid of any facts supporting any legal theory which would impute liability. Ocwen does not control the actions taken by GMAC, and there is no allegations in the Complaint to suggest otherwise. Therefore, the Complaint should be dismissed for failure to state a claim.

## IV. CONCLUSION

Based upon the points and authorities asserted above, Ocwen requests that the Court dismiss the Complaint for failure to state a claim. Because Plaintiff cannot cure the defects in the Complaint and amendment would be fruitless, leave to amend the Complaint should be denied.

Dated: December 15, 2014  **HOUSER & ALLISON**
A Professional Corporation

/s/ Jeannette R. Marsala
Jeannette R. Marsala
Attorneys for Defendant
Ocwen Loan Servicing, LLC